TERRI M DEPRINZIO and TAYR KILAAB
AL GHASHIYAH (KHAN),

          Plaintiffs,

                                     Case No. 26-cv-0723-hl

   v.

TARA DANIEL, et al,

          Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

On March 10, 2026, Plaintiffs Terri Deprinzio and Tayr Kilaab al Ghashiyah filed a complaint in Kenosha County Circuit Court against Saxony Manor LLC, Tara Daniel, Darline Wozniak, Jane Doe, Susan Carr, Tammy Millager, the United States Department of Housing and Urban Development (HUD), the Wisconsin Housing and Economic Development Authority (WHEDA), and the Office of Fair Housing and Equal Opportunity (FHEO). (ECF No. 1-2 at 2.) Plaintiffs' complaint asserts state law claims for public and private nuisance, breach of warranty of habitability, negligence, and retaliation in violation of Wis. Stat. §704.45, along with federal claims under 42 U.S.C. §1983 for violations of the First and Fourteenth Amendments. (*Id.* at 13–15.) On April 24, 2026, WHEDA removed the case to this Court citing the federal claims and invoking the Court's federal question jurisdiction. (ECF No. 1 ¶¶4–6.)

On May 4, 2026, Plaintiffs filed a motion to remand based on a filing bar this Court has imposed against al Ghashiyah, preventing him from filing cases in this Court. (ECF No. 9.) The Court will remand the case as Plaintiff's request but for a different reason and only after dismissing their federal claims. Putting the filing bar aside, Plaintiffs have not stated viable federal claims against any defendant. Accordingly, their federal claims will be dismissed and the balance of the

case remanded to the Kenosha County Circuit Court. *See Farhan v. 2715 NMA LLC*, 161 F.4th 475, 486 (7th Cir. 2025).[1]

## FACTUAL ALLEGATIONS

Deprinzio and al Ghashiyah are Wisconsin residents. (ECF No. 1-2 ¶¶7–8.) Saxony Manor owns and operates the apartment complex where Plaintiffs have resided for the past five years. (*Id.* ¶¶7–8, 11.) Daniel is the property manager, and Wozniak and Doe are Saxony Manor employees. (*Id.* ¶12.) Carr and Millager are fellow residents. (*Id.* ¶13.) WHEDA "serves as contract administrator overseeing compliance" for the apartment building. (*Id.* ¶14.)

On July 29 and 31, 2025, Daniel issued Plaintiffs a Notice of Material Lease violations, alleging "disturbances" and "improper handling" of Plaintiffs' service animal. (*Id.* ¶38.) On July 31, 2025, Plaintiffs responded, insisting that their animal was protected under the Americans with Disabilities Act. (*Id.* ¶41.) Daniel also issued Plaintiffs violations for posting informational material on the tenant bulletin board. (*Id.* ¶43.) On August 2, 2025, Plaintiffs "demanded withdrawal" of Daniel's "citation," asserting free speech rights. (*Id.* ¶44.)

On October 19, 2025, Plaintiffs filed a "resident complaint form" concerning unpleasant odors, pest attraction, and Carr intentionally leaving "religious materials [including] Bible and other literature" in the hallways and near other tenants' "door traps." (*Id.* ¶33.) On October 21, 2025, Plaintiffs filed a "resident complaint form" alleging that Carr and Millager placed garbage and personal items in common hallway areas, and, between October 12, 2025 through March 1, 2026, they documented "garbage placement and unsanitary common-area conditions." (*Id.* ¶¶32, 34–35.)

On November 6, 2025, WHEDA sent Plaintiffs a letter indicating that it had received their complaints and would reach out to Saxony Manor about their concerns but noted that it did not have authority to require Saxony Manor to issue notices or pursue evictions. (*Id.* ¶35.) The letter encouraged Plaintiffs to speak directly with Saxony Manor staff. (*Id.*) On November 10, 2025, Plaintiffs filed another "resident complaint form" asserting that Carr had continued to place

---

[1] Saxony Manor, Daniel, and Wozniak's motion to join WHEDA's response to the motion to remand will be granted. (*See* ECF No. 16.) Plaintiffs' motion to stay will be denied as moot. (ECF No. 11.) The remaining pending motions (Plaintiffs' motions for default judgment and to correct service and Defendants' motions to dismiss) will be denied without prejudice. (ECF Nos. 13, 25, 17, 19, 21, 25, 28, & 29.) The parties are free to resubmit their motions in state court.

garbage and religious materials in the common areas or at their door, and they felt that Daniel had not resolved the issue. (*Id.* ¶36.)

On December 15, 2025, Plaintiffs submitted a work order for repair to their bathroom ceiling, which was water damaged, and they claimed was exposing them "to suspected asbestos-containing materials." (*Id.* ¶¶29, 30.) On January 23, 2026, Plaintiffs "filed a complaint" about the work order and "challenged" snow removal "failure." (*Id.* ¶¶30–31.) On January 29, 2026, Plaintiffs complained to Daniel about water damage, mold, and unsafe conditions. (*Id.* ¶28.) On February 5, 2026, Plaintiffs filed yet another resident complaint form because Daniel "turn[ed] a blind eye" to Millager's actions. (*Id.* ¶37.) On February 9, 2026, Daniel "shouted" at al Ghashiyah and "instructed him to stop filing written complaints." (*Id.* ¶46.)

## ANALYSIS

Plaintiffs ask the Court to remand their case to state court because al Ghashiyah is subject to a filing bar in this Court. (ECF No. 9 at 3.) On December 5, 2008, the Seventh Circuit ordered al Ghashiyah to pay, within ten days, the fees and costs from all of his federal suits. *al Ghashiyah v. Frank*, No. 07-cv-308-bbc (W.D. Wis.), ECF No. 137. On December 18, 2008, after al Ghashiyah failed to remit payment, the Court of Appeals directed the clerks of all federal courts within the circuit to return unfiled any papers submitted directly or indirectly on his behalf unless and until he paid all outstanding fees and costs. *Id.* Plaintiffs express concern that they will not be able to file motions, respond to dispositive filings, or prosecute their claims because of the filing bar. (ECF No. 9 at 3.) Defendants respond that the filing bar should not prohibit them from exercising their statutory right to this Court's removal jurisdiction. (ECF No. 15.) Defendants are correct that Plaintiffs ought not be able to use the Court's imposition of a filing bar against them as a shield to prevent Defendants from defending themselves against federal claims in federal court. The Court enters a filing bar to sanction persons who continue to file frivolous documents. *See In re City of Chicago*, 500 F.3d 582, 585 (7th Cir. 2007). Persons who are subjected to such a rare sanction should not be rewarded by permitting them to use it to deny their adversaries access to federal jurisdiction under the removal and federal question jurisdiction statutes. Nevertheless, the record confirms that this case does not belong in federal court. As explained below, Plaintiffs' allegations do not support valid federal claims against any of the defendants. Accordingly, the Court will dismiss Plaintiffs' federal claims *with prejudice* and remand the remaining state court claims to the state court.

WHEDA removed this case to federal court based on Plaintiff's assertion of federal claims. (ECF No. 1 ¶¶4–6.)  In their complaint, Plaintiffs invoke 42 U.S.C. §1983 and assert claims for violations of their First and Fourteenth Amendment rights.  (ECF No. 1-2 ¶¶65–71.)  These claims fail as a matter of law.

A claim under Section 1983 requires allegations of state action.  In other words, Plaintiffs must plausibly allege that a person or persons acting under color of law has violated their federal rights.  *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990).  The complaint does not identify or allege that any of the defendants acted under color of state law.  The named individual defendants are not state actors.  Daniel, Wozniak, Doe, Carr, and Millager are all private citizens and therefore cannot be liable for any violation of Plaintiffs' constitutional rights.  *See id.* Similarly, Saxony Manor is a private leasing company, not a state actor, and also cannot be held liable under Section 1983.  *See Pittman v. Viamonte Invs. Grp., LLC*, 855 F. App'x 292, 295–96 (7th Cir. 2021).  WHEDA is a state agency, *see* Wis. Stat. §234.02, and it is well-settled that state agencies are not "persons" subject to liability under Section 1983, *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999).  The remaining defendants, HUD and FHEO, are federal agencies, and Section 1983 does not permit suits against federal agencies.  *See Corr. Serv's Corp. v. Malesko*, 534 U.S. 61, 69–70 (2001).  Accordingly, Plaintiffs have not stated valid federal claims.

Typically, the Court offers litigants the chance to amend a defective complaint to try to cure the defects identified by the Court.  Allowing Plaintiffs the opportunity to amend here would be pointless.  No amendment can change the fact that the named defendants are not state actors cannot be sued under Section 1983.  Because granting Plaintiffs the opportunity to amend the complaint would be futile, the Court will dismiss Plaintiffs' federal claims with prejudice.  *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021).

Because Plaintiffs' federal claims are dismissed, the Court will remand the case back to the state court to address what, if any, merit there is to Plaintiffs' remaining state law claims.  *See Farhan*, 161 F.4th at 486.  While the Court could also dismiss those claims without prejudice, a remand is the better approach because it "promote[s] the values of economy, convenience, fairness, and comity."  *Id.* (citations omitted).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Count VI and VII of the complaint, ECF No. 1-2 ¶¶65–71, are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand, ECF No. 9, is **GRANTED**. The case is remanded back to Kenosha County Circuit Court.

**IT IS FURTHER ORDERED** that Saxony Manor, Daniel, and Wozniak's motion to join WHEDA's response to the motion to remand, ECF No. 16, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay, ECF No. 11, is **DENIED as moot**. Plaintiffs' motions for default judgment, ECF Nos. 13 & 25, and motions to correct service, ECF Nos. 28 & 29, are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the motions to dismiss, ECF Nos. 17, 19, & 21, are **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on June 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge